IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RYAN PFLIPSEN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| | )   CIVIL ACTION |
| vs. | ) |
| | )   FILE No. 5:25-cv-300 |
| Z & H FOODS, INC, d/b/a | ) |
| POPEYE'S #227, | ) |
| | ) |
|    Defendant(s). | ) |

## COMPLAINT

COMES NOW, RYAN PFLIPSEN, by and through the undersigned counsel, and files this, his Complaint against Defendant, Z & H Foods, Inc., d/b/a Popeye's # 227, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.    Plaintiff RYAN PFLIPSEN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in San Antonio, Texas

1

(Bexar County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

7. Defendant, Z & H Foods, Inc., d/b/a Popeye's #227 (hereinafter "the Popeye's Defendant") is a Texas corporation operating a for profit retail "casual dining restaurant" that transacts business in the state of Texas and within this judicial district.

8. The Popeye's Defendant may be properly served with process at the following location and registered agent: Corporation Services Company ("CSC"), 211 E. 7th Street, Suite 260 Austin, Texas 787201.

**FACTUAL ALLEGATIONS**

9. On or about February 16, 20258, Plaintiff was a customer at "Popeye's #227," a business located at 7606 Guilbeau Road, San Antonio, Texas 78250, referenced herein as "the Shop."

10. The Popeye's Defendant is the owner or co-owners of the real property and improvements that the Shop is situated upon and that is the subject of this action, referenced herein as the "Property."

11. Plaintiff lives approximately 5 miles from the Shop and Property.

12. Plaintiff's access to the business(es) located at 7606 Guilbeau Road, San Antonio, Bexar County Property Identification number 1183733 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Shops, including those set forth in this Complaint.

13. Plaintiff has visited the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14. Plaintiff intends to revisit the Shop and Property to purchase goods and/or services.

15. Plaintiff travelled to the Shop and Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Shops and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Shop and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

17. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

> (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18. Congress explicitly stated that the purpose of the ADA was to:

> (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and
>
> * * * * *
>
> (iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21. The Shop is a public accommodations and service establishments.

22. The Property is a public accommodation and service establishment.

23. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the

Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

25. The Shop must be, but is not, in compliance with the ADA and ADAAG.

26. The Property must be, but is not, in compliance with the ADA and ADAAG.

27. Plaintiff has attempted to, and has to the extent possible, accessed the Shop and the Property in his capacity as a customer of the Shop and Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Shops and Property that preclude and/or limit his access to the Shop and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Plaintiff intends to visit the Shop and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Shop and Property and as an independent advocate for the disabled, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Shop and Property that preclude and/or limit his access to the Shop and

Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Shop and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Shop and Property, including those specifically set forth herein, and make the Shop and Property accessible to and usable by Plaintiff and other persons with disabilities.

31. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Shop and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Shop and Property include, but are not limited to:

    **(a)**     **ACCESSIBLE ELEMENTS:**

        (i) Directly in front of the "Popeye's" located at 7606 Guilbeau, the accessible curb cut has side flares that cause a tripping hazard, as well as broken and unstable ground services, as well as

inappropriate signage on the concrete portion of the accessible parking spot itself in violation of section 406.5, et seq. of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(ii) The same apparent alleged access aisle mentioned in subsection (i) above has severe broken and unstable ground services, such that the same is inappropriate for suitable accessible van services in violation of section 406.5, et seq., of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle and/or navigate their way up the subject curb cut.

(iii) The side entrance of the Popeye's contains an accessible ramp where both sides of the subject ramp have blunted edges cause severe tripping hazards on both sides of the ramp have no hand railing or other appropriate safeguard preventing the hazard(s) in violation of 406, et. seq., of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to navigate each available shop of the subject Property.

(iv) The apparent accessible aisle on the same side of the Popeye's purporting to provide a safe pathway to the sidewalk surrounding the Property broken and unstable ground services, as well as severely faded paint markings in violation of section

8

      406.5, et seq. of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

   (v) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

  32. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Shop and Property.

  33. Plaintiff requires an inspection of the Shop and Property in order to determine all of the discriminatory conditions present at the Shop and Property in violation of the ADA.

  34. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

  35.  All of the violations alleged herein are readily achievable to modify to bring the Shop and Property into compliance with the ADA.

  36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Shop and Property are readily achievable because the nature and cost of the modifications are relatively low.

  37.  Upon information and good faith belief, the removal of the physical barriers

9

and dangerous conditions present at the Shop and Property are readily achievable because Defendants have the financial resources to make the necessary modifications.

38. Upon information and good faith belief, the Shop and Property have been altered since 2010.

39. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Shop and Property, including those alleged herein.

41. Plaintiff's requested relief serves the public interest.

42. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

43. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

44. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to modify the Shop and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find the Shop in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendants from

continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject the Shop to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: March 23, 2025.

Respectfully submitted,
/s/  Dennis R. Kurz
Dennis R. Kurz
*Attorney-in-Charge for Plaintiff*
Texas State Bar ID No. 24068183
Kurz Law Group, LLC
4355 Cobb Parkway, Suite J-285
Atlanta, GA 30339
Tele: (404) 805-2494
Fax: (770) 428-5356
Email: dennis@kurzlawgroup.com